UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-89-TAV-HBG |
| | ) | |
| JOSEPH JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Joseph Jones, is charged with conspiracy to distribute and possess with the intent to distribute one hundred kilograms or more of marijuana, a Schedule I controlled substance [Doc. 1]. Trial is scheduled for Monday, November 4, 2013 [Doc. 24].

Before the Court is the Defendant's First Motion in Limine [Doc. 25]. The government responded in opposition [Doc. 26]. While the defendant requested a hearing on the motion, the Court finds that a hearing is not needed to resolve the issue raised in the motion, and for the reasons explained herein, the Court will deny the motion.

I. **Motion in Limine Standard**

"Motions in limine allow the Court to rule on evidentiary issues prior to trial in order to avoid delay and focus pertinent issues for the jury's consideration." *United States v. Amir*, No. 1:10-CR-439, 2011 WL 3862013, at *1 (N.D. Ohio Aug. 31, 2011) (citing *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999)). Evidence should be

excluded on a motion in limine only if it is clearly inadmissible. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). Accordingly, "[i]f the court is unable to determine whether or not certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context." *Amir*, 2011 WL 3862013, at *1 (citing *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted).

**II.    Analysis**

The defendant moves the Court to allow him to present video presentations by Dr. Sanjay Gupta, Montel Williams, and others that "advocate the use of marijuana as an effective pain reducer in cases of chronic and severe discomfort" [Doc. 25].[1] He argues that "the effects of marijuana use by persons suffering from such chronic diseases as Multiple Sclerosis and Parkinson's Disease are to lessen symptoms and alleviate at least in part the pain and/or disability caused by those diseases" [*Id.*]. He further argues that the evidence is relevant because "it would have the tendency to prove a material issue involved in the litigation[;]" that is, "the hypocrisy and discrimination defendant personally believes is inherent in the federal anti-drug laws" [*Id.*]. The defendant did not supply the Court with a copy of these video presentations.

---

[1] The defendant states that, in one video, Mr. Williams states that the federal government is distributing marijuana to certain people suffering from an undisclosed chronic disease.

2

The government responds that the evidence is irrelevant. While the threshold for relevancy under Rule 401 of the Federal Rules of Evidence is rather low, *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (noting that "[t]he standard for relevancy is 'extremely liberal'" (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992))), the Court agrees with the government that the video presentations are not relevant.

The defendant's argument sounds in medical necessity. The Supreme Court has made clear, however, that "medical necessity is not a defense to manufacturing and distributing marijuana." *United States v. Oakland Cannabis Buyers' Co-op*, 532 U.S. 483, 484, 491 n.4 (2001). Thus, to the extent the defendant seeks to introduce the video presentations for the purpose of establishing a medical necessity defense, the Court finds it appropriate to bar the introduction of the evidence.

The Court further finds it appropriate to bar the introduction of the video presentations to prevent jury nullification. Jury nullification is "the *de facto* ability of the jury to refuse to apply the law as instructed by the court, choosing instead 'to acquit out of compassion or compromise or because of the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'" *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008) (quoting *Standefer v. United States*, 447 U.S. 10, 22 (1980) ("It is appropriate to exclude evidence and argument to the jury related to medicinal use of marijuana, introducing evidence or arguing jury nullification."). The defendant may believe that the federal drug laws are discriminatory

3

and hypocritical, and that such beliefs are relevant to his defense, but "[a] federal criminal trial is not a forum for a policy debate." *United States v. Duval*, 865 F. Supp. 2d 803, 506 (E.D. Mich. 2012).

**III.     Conclusion**

For these reasons, the Court hereby **DENIES** Defendant's First Motion in Limine [Doc. 25]. This matter will proceed to trial on **Monday, November 4, 2013, at 9:00 a.m.**

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE
